1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12
13
14

DEREK S.,

15
                              Plaintiff,

16
            v.

17
ACTING COMMISSIONER OF
SOCIAL SECURITY,

18
19
                              Defendant.

CASE NO. 3:20-cv-6169-RAJ

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

20
        Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

21
defendant's denial of plaintiff's application for supplemental security income ("SSI").

22
This matter is fully briefed. *See* Dkts. 12-14.

23
24

1    The parties agree that plaintiff has at least occasional limitation with respect to

2  depth perception due to blindness in one eye. The parties also appear to agree that the

3  only potential job that plaintiff could have performed that is identified by the ALJ at the

4  final step in the administrative decision denying plaintiff's disability claim is the job of

5  janitor, because plaintiff cannot engage in occasional depth perception without "maybe"

6  being off task an impermissible amount of time. The parties appear to disagree only on

7  whether the job of janitor requires any depth perception ability. Unfortunately, because

8  the ALJ erred by failing to include any depth perception limitation in the hypothetical

9  presented to the vocational expert despite including it in plaintiff's residual functional

10  capacity, it is unclear from the written decision and the accompanying record the level of

11  depth perception requirements of the specifically identified job of janitor. Because the

12  ALJ carries defendant's burden at this final step in the disability determination process,

13  and because any implied finding that the job of janitor does not require any depth

14  perception is inconsistent with the actual testimony from the vocational expert in the

15  record, the Court concludes that the ALJ's finding that plaintiff could perform the job of

16  janitor is not supported by substantial evidence.

17

18    Because the Court also concludes that the ALJ's error is not harmless, this matter

19  must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for

20  further proceedings.

21              FACTUAL AND PROCEDURAL HISTORY

22    On August 21, 2018, plaintiff filed an application for SSI, alleging disability as of

23

24  January 1, 2015. *See* Dkt. 10, Administrative Record ("AR") 15. The application was

denied on initial administrative review and on reconsideration. *See* AR 15. A hearing was

held before Administrative Law Judge Malcolm Ross ("the ALJ") on May 5, 2020. *See*

*id*. In a decision dated May 25, 2020, the ALJ determined plaintiff to be not disabled. *See*

AR 12. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6;

20 C.F.R. § 404.981, § 416.1481.

In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by failing to

conclude that "plaintiff is disabled according to the ALJ's own findings and the

vocational expert's testimony regarding the plaintiff's blindness in his left eye."

Plaintiff's Opening Brief ("Open"), Dkt. 12, pp. 1, 2-4.  Defendant argues "any error was

harmless and the ALJ's decision should be affirmed." Defendant's Response Brief

("Response"), Dkt. 13, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

such "'relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.*

*Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

1
2
**I.     Whether the ALJ erred by failing to conclude that plaintiff is disabled according to the ALJ's own findings and the vocational expert's testimony regarding the plaintiff's blindness in his left eye.**

3

4

5

6

7
Plaintiff argues the ALJ erred by failing to conclude that "plaintiff is disabled according to the ALJ's own findings and the vocational expert's testimony regarding the plaintiff's blindness in his left eye." Open, pp. 1, 2-4.  Defendant argues that "any error was harmless and the ALJ's decision should be affirmed." Response, p. 1.

8

9

10

11
Despite plaintiff's first argument that in the ALJ's determination of plaintiff's residual functional capacity ("RFC"), he "never mentions the Plaintiff's limitations regarding depth perception," a brief review of the ALJ's written decision negates that argument. Open, p. 2.

12

13

14

15

16

17

18
In this matter, after concluding at Step one of the sequential Social Security Disability analysis that plaintiff had not engaged in substantial gainful activity during the relevant period of time, the ALJ concluded at Step two that plaintiff had the following severe impairments: left eye blindness, major depression, and anxiety disorder." AR 17 (*citing* 20 C.F.R. 416.920(c)). After concluding that said severe impairments do not meet a Listing, *see id.* at 18 (*citing* 20 C.F.R. 416.920(d), 416.925 and 416.926), the ALJ determined plaintiff's RFC to include the following:

19

20

21

22

23
> [Plaintiff] has the [RFC] to perform medium work as defined in 20 CFR 416.967(c) with the following limitations….[climbing limitations excluded] occasional exposure to hazards such as unprotected heights and dangerous machinery; jobs not requiring binocular vision; occasional use of depth perception; with work limited to simple, repetitive tasks; with no conveyor belt-paced production requirements; where standard work breaks are provided; …..[Social limitations excluded].

24
AR 19.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

The Court notes here that the ALJ's written decision clearly limits plaintiff to "occasional use of depth perception" in the RFC. *See id.* As noted by plaintiff, "for Social Security purposes, [this limits plaintiff's use of depth perception] up to 1/3 of an 8-hour workday." Open, p. 2.

Finally, at the final and determinative Step five, (after finding at Step four that plaintiff could not perform past relevant work), at which point the burden shifts to the ALJ, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that plaintiff could have performed, thereby allowing only a conclusion that plaintiff was not under a disability during the relevant period of time. *See* AR 22-23.

If an ALJ reaches the final step in the sequential analysis, **the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process.** *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The ALJ's Step 5 finding, like all findings under review by this Court, must be supported by substantial evidence in the overall record to be affirmed. *See Bayliss*, *supra*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601). Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)).

Plaintiff argues that the ALJ has not met the Commissioner's burden at Step 5 to demonstrate that there are "substantial jobs existing in the economy the Plaintiff could

perform [and] has not only not shown that there are substantial numbers, the testimony of the Vocational Expert ["VE"] supports th[at] Plaintiff could not meet the productivity requirements for any of the named jobs given his limited depth perception." Open, p. 3.

Defendant admits that in "the hypothetical question to the VE, the ALJ did not include the limitation to occasional use of depth perception." Response, p. 2. This is legal error, as the RFC clearly includes such limitation, as noted above, *see supra* (*citing* RFC at AR 19).

It is arguably harmful legal error simply based on the ALJ's failure to include a significant limitation from plaintiff's RFC into the hypothetical presented to the VE, whose testimony regarding jobs a person with such hypothetical limitations can perform is relied on by the ALJ at the final Step five, when defendant carries the burden, to determine plaintiff was not disabled. Indeed, the Ninth Circuit clearly implied as such when remanding with a direction to award benefits in a case where relevant limitations were not included in the RFC or the hypothetical presented to the VE at Step five, *see infra*, Section II.

**II.   Harmless Error: Whether the ALJ's error in failing to include all relevant limitations from plaintiff's RFC into the hypothetical presented to the Vocational Expert ("VE") upon which the ALJ relied at Step five when determining that plaintiff is not disabled is Harmless Error.**

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An

1    error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'"

2    *Molina*, 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

3    1155, 1162 (9th Cir. 2008)).

4        The ALJ failed to include all of plaintiff's impairments the ALJ found plaintiff to

5    experience during the relevant time in the RFC into the hypothetical posed to the VE. *See*

6    *supra*, Section I. The Ninth Circuit has stated that the RFC assessment and Step five

7    evaluation are not supported by substantial evidence when the RFC and hypotheticals to

8    the VE fail to account for all a claimant's limitations. *See Lingenfelter v. Astrue*, 504 F.3d

9    1028, 1040–41 (9th Cir. 2007). After finding that a relevant limitation was improperly

10   not included in a claimant's RFC, the Ninth Circuit concluded that "[n]or does substantial

11   evidence support the ALJ's step-five determination, since it was based on this erroneous

12   RFC assessment." *Id.* at 1041 (citations omitted). Here, we have a Step five

13   determination based on an erroneous hypothetical to the VE.

14        Defendant argues that here "any error was harmless and the ALJ's decision should

15   be affirmed." Response, p. 1. Specifically, in response to plaintiff's argument that  "the

16   testimony of the [VE] supports th[at] Plaintiff could not meet the productivity

17   requirements for any of the named jobs given his limited depth perception," defendant

18   responds that "any error was harmless because the janitor job does not require depth

19   perception." *Id*. at 2 (*citing* 1991 WL 672957); *see also* Open, p. 3. Defendant contends

20   that the "ALJ's finding can be affirmed based on this job alone," and does not attempt to

21   support the ALJ's reliance on the other two jobs found by the ALJ to be jobs plaintiff

22   could have performed. Response, p. 2 (*citing Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th

1    Cir. 2018) (purportedly "affirming based on one job where there was an error as to the

2    other")).

3          Regarding defendant's argument, plaintiff replies as follows:

4          It is unclear where the defendant is getting this information, as this is not
5          what is found on the DOT's website. Indeed, quite the opposite can be
           found. The DOT references the Department of Labor's O*NET for
6          updated findings with respect to janitorial positions identified. In the
           ONET crosswalk for this job, there is an 'Abilities' list which details the
7          importance of different abilities needed for the job of janitor. Here, it is
           clearly noted that Depth Perception has [a] score of 50 (presumably out of
8          100), which indicates that depth perception is at least important during
           50% of the work of a janitor. This is inconsistent with the Defendant's
9          argument.

10   Plaintiff's Reply Brief, ("Reply"), Dkt. 14, pp. 2-3.

11         Under the title "Status of the Dictionary of Occupational Titles; use in Social

12   Security disability adjudications," on the website of the Department of Labor, is indicated

13   the following:

14
           The Dictionary of Occupational Titles (DOT) was created under the
15         sponsorship by the Employment and Training Administration (ETA) and was
           last updated in 1991. The DOT was replaced by the O*Net, and ETA no
16         longer supports the DOT.

17         The O*Net is now the primary source of occupational information. It is
           sponsored by ETA through a grant to the North Carolina Department of
18         Commerce. Thus, if you are looking for current occupational information
           you should use the O*Net.
19

20   https://www.dol.gov/agencies/oalj/topics/libraries/LIBDOT (last visited July 13, 2021)

21   (*citing* https://www.onetonline.org/).

22         On the ONET, (after translating the ALJ's 1991 DOT 358.687-010 citation

23   number to the ONET classification system here:

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

https://www.onetonline.org/crosswalk/DOT?s=358.687-010&g=Go (last visited July 13, 2021) to 37-2011.00), when clicking on "janitors and cleaners, except maids and housekeepers," then clicking on "details," and scrolling down to "abilities," then expanding abilities (by clicking on the "+"), one can see "depth perception," is listed as a "25" out of 100. *See* https://www.onetonline.org/link/details/37-2011.00 (last visited July 13, 2021). However, as cited by plaintiff, this job description according to the 67005 "crosswalk," indicates a depth perception "importance" of 50 out of 100 for the job of janitor. *See* Reply, p. 3 n 1 (*citing* https://occupationalinfo.org/onet/67005.html#ABILITIES no) (last visited July 13, 2021). Neither one of these "official" ONET numbers for "importance" of depth perception is zero.

Defendant contends that the ALJ's error in failing to include plaintiff's limitations with respect to depth perception into the hypothetical to the VE is harmless error because the ALJ found that plaintiff could perform the job of janitor, which defendant contends does not require any depth perception abilities. *See* Response, p. 2. However, defendant has not established in argument or in the record that the job of janitor can be performed by a person blind in one eye with limitation with respect to depth perception. The ALJ failed to present a proper hypothetical to the VE, as the hypothetical to the VE at the hearing contained no limitations regarding depth perception. *See* AR 44-45. Therefore, the fact that the VE responded in testimony with the job of janitor in response to the hypothetical is not substantial evidence demonstrating that plaintiff could do the job of janitor, as the hypothetical was incomplete, failing to include all of plaintiff's limitations.

1  *See* AR 19, 44-45; *Lingenfelter*, *supra,* 504 F.3d at 41. In fact, when the Court reviews

2  the testimony of the VE, the VE's testimony does not support defendant's argument that

3  the job of janitor requires no depth perception. *See* AR 48. When responding to questions

4  from plaintiff's attorney, and specifically responding to questions regarding how

5  someone with limited depth perception could complete the job of janitor and the other

6  jobs identified by the VE, the VE responded "I think some of those jobs -- maybe all 3 of

7  them -- required occasional depth perception." AR 48.

8       As already delineated by the Court, *see supra*, the ONET has 2 different answers

9  for the "importance" of depth perception for janitor, neither one of which is zero. In

10  addition, the ALJ's RFC includes a limitation to occasional depth perception, and it is

11  unclear how this translates to "importance," as it is used in the ONET terminology.

12  However, the website from the Department of Labor includes 2 non-zero answers, much

13  more in alignment with the VE's assessment of "occasional" depth perception for the

14  requirement of the janitor job. It appears based on the record that the job of janitor

15  requires approximately occasional depth perception. *See* AR 48. Defendant's citation to

16  Westlaw cannot overcome the VE's testimony, especially as the official ONET

17  information contradicts Westlaw and aligns with the testimony of the VE, who is the

18  "Vocational Expert." *See id.*

19       The Court cannot conclude based on the specific record before it that the ALJ's

20  finding that plaintiff was capable of performing jobs requiring occasional depth

21  perception is based on substantial evidence in the record as a whole. Although it is not

22  certain that the job identified by the ALJ as janitor requires occasional depth perception,

1  the most definitive evidence gathered by the ALJ indicates as such, that is, the testimony

2  by the VE. *See* AR 48. In addition, the evidence suggesting otherwise from Westlaw

3  supplied by defendant is contradicted by the ONET information, which this Court is

4  directed to by the Department of Labor's website. Furthermore, the VE testified upon

5  further questioning from plaintiff's attorney, that if an individual is limited to only

6  occasional depth perception, that such would create an issue with that person's

7  "production-rate or being off-task -- level of being off-task." AR 48. Therefore, the VE's

8  testimony suggests that plaintiff could not maintain an acceptable production rate at a job

9  requiring occasional depth perception, as was impliedly conceded by Defendant. *See id.*;

10  *see also* Response, p. 3.

11

12      Defendant's best argument is that the ALJ committed at worst harmless error by

13  failing to include relevant limitations into the hypothetical presented to the vocational

14  expert because plaintiff was capable of performing the job of janitor, which requires no

15  depth perception. Response, pp. 2-3. However, substantial evidence does not support any

16  implied finding by the ALJ that the job of janitor requires no depth perception, as the VE

17  testimony contradicts such a finding, as does the ONET information. AR 48;

18  https://www.onetonline.org/crosswalk/DOT?s=358.687-010&g=Go (last visited July 13,

19  2021); https://www.onetonline.org/link/details/37-2011.00 (last visited July 13, 2021);

20  https://occupationalinfo.org/onet/67005.html#ABILITIES no (last visited July 13, 2021);

21  *see also Corona v. Astrue,* 2010 U.S. Dist. LEXIS 75525 at *31 (S.D. Cal. April 19,

22  2010) (unpublished opinion) ("However, the ALJ did not ask the vocational expert about

23  any possible conflict between his testimony and the evidence provided by the DOT. Had

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11

the ALJ asked about a conflict, or reviewed the DOT's description of a Janitor, he would have found that depth perception is required to perform the job of a Janitor. (DOT § 382.664-010). Therefore, Plaintiff would not be able to perform this job"). In fact, defendant impliedly concedes that "when depth perception is required as part of the job," plaintiff's productivity and or production could be affected." Response, p. 3 (emphasis in defendant's response brief).

Based on the record as a whole, the Court concludes the ALJ's finding at Step 5, the step at which the ALJ carries the burden, that plaintiff could perform the identified jobs requiring occasional depth perception, or any implied finding that the janitor job does not require occasional depth perception, is not a finding based on substantial evidence in the record. *See Magallanes*, 881 F.2d at 750 (*quoting Davis*, 868 F.2d at 325-26). It is not a finding that is based on sufficient "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. Perhaps most importantly, it is directly contradicted by the VE testimony.

### III.   Regarding plaintiff's request for remand with a direction to award benefits

Plaintiff requests remand with a direction to award benefits. Open, pp. 3-4. Defendant does not appear to have responded to this request. *See* Response, Dkt. 13.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put

forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). In one formulation of this test, after concluding that an ALJ erred, as stated by the Ninth Circuit:

> Second, we turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted).

Here, further administrative proceedings would be exceedingly useful. *See id.; see also, supra*, Sections I and II. First, remand would allow the ALJ the opportunity to present a proper hypothetical to a vocational expert. Second, such would allow a vocational expert the opportunity to evaluate the effect of monocular vision, and the lack of depth perception, on the hypothetical individual's ability to perform jobs such as janitor. It will allow for a VE to testify directly on the issue, instead of what "maybe" the case based on an improper hypothetical. *See* AR 48.  It is entirely unclear from the record and from the available administrative materials the requirements of the job of janitor and whether one with plaintiff's limitations could perform such job. Therefore, further administrative proceedings would be useful. *See Treichler*, *supra*, 775 F.3d at 1103.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby concludes the ALJ's conclusion plaintiff was not disabled is not supported by substantial evidence. Accordingly,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13

1  Defendant's decision to deny benefits is reversed and this matter is remanded for further

2  administrative proceedings in accordance with the findings contained herein.

3        Dated this 4th day of August, 2021.

4

5

6        The Honorable Richard A. Jones
         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24